10-3591

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re

First Foliage, L.C.,

_____/

First Foliage, L.C.,

Plaintiff,

v.

RURAL COMMUNITY INSURANCE SERVICES, a Foreign Corporation, INSURANCE FOR AGRICULTURE, LLC,

Defendants
_____\

Case No. 10-27532-BKC-LMI

Chapter 11

Adv. Pro. No.

OCT 22 2010

## ANSWER OF INSURANCE FOR AGRICULTURE, LLC

As and for its Answer to the Complaint of Debtor, First Foliage, L.C. (hereinafter, "Plaintiff") Defendant Insurance for Agriculture (hereinafter "Agriculture") states as

follows.

1. Agriculture denies the allegations in Paragraph 1 of the Complaint and affirmatively alleges that it has played no role in the underlying dispute between Plaintiff and defendant Rural Community Services (hereinafter "Defendant Rural") with respect to the substantial beneficial owners of Plaintiff First Foliage.

2. In response to the allegations in Paragraphs 2, 3 and 4 of the Complaint, Agriculture states that it lacks information sufficient to admit or deny the allegations therein, and affirmatively alleges that it played no part in the dispute mentioned therein between Plaintiff and Defendant Rural.

3. Agriculture admits, on information and/or belief, the allegations in Paragraphs 6, 7, 8, 9 and 10 of the Complaint.

4. In response to the allegations in Paragraph 11 of the Complaint, Agriculture admits the allegations in the first sentence contained in Paragraph 11 of the Complaint. In response to the allegations in the second sentence of Paragraph 11 of the Complaint, Agriculture admits that it acted at times as an insurance broker between Plaintiff and Defendant Rural , and denies the allegations that it acted at all times as an insurance agent for Defendant Rural.

5. Agriculture admits, on information and/or belief, the allegations in Paragraphs 12, 13, 14 and 15 of the Complaint.

6. In response to the allegations in Paragraphs 16 and 17 of the Complaint, Agriculture states that it lacks information sufficient to admit or deny the allegations therein and thus respectfully requests that Plaintiff be required to prove these allegations.

7. Agriculture admits, on information and/or belief, the allegations in Paragraphs 18, 19, 20, 21, 22, 23 and 24 of the Complaint.

8. In response to the allegations in the first sentence of Paragraph 25 of the Complaint, Agriculture admits that Joseph Cummings assisted Plaintiff with its initial (year 2000) insurance application for MCPI coverage. In response to the allegations in the second sentence of

Paragraph 25 of the Complaint, Agriculture states that, sometime subsequent to Plaintiffs' crop insurance application in the year 2000, Mr. Joseph Cummings retired; thereafter, Mr. Richard Cummings replaced Joseph Cummings as Plaintiff's crop insurance agent. In response to the allegations in the third sentence of Paragraph 25 of the Complaint, Agriculture states that it had access to the information Plaintiff provided to Agriculture. Otherwise, Agriculture denies any remaining allegations in Paragraph 25 of the Complaint.

9. Agriculture admits, on information and/or belief, the allegations in Paragraphs 26, 27 and 28 of the Complaint.

10. In response to the allegations in Paragraphs 29, 30 and 31 of the Complaint, Agriculture states that it lacks information sufficient to admit or deny the allegations therein, and thus leaves Plaintiff to its proof. Agriculture affirmatively alleges that it played no role in the activities alleged in Paragraphs 29, 30 and 31, between Plaintiff and Defendant Rural.

11. Agriculture denies the allegations in Paragraph 32 of the Complaint and affirmatively alleges that, to any extent to which Agriculture completed, or assisted in completing, insurance applications for Plaintiff, it accurately listed the information Plaintiff provided Agriculture, and affirmatively alleges that Plaintiff signed the applications, thereby attesting that Plaintiff was affirming the accuracy and completeness of the information listed on the insurance applications.

12. In response to the allegations in Paragraph 33 of the Complaint, Agriculture denies the allegations in the first sentence of Paragraph 33 of the Complaint, and in response to the allegations in the second sentence in Paragraph 33 of the Complaint, it admits that it provided the insurance forms to Plaintiff for review as to the applications' accuracy and completeness, and that Plaintiff signed the applications, thereby attesting to the accuracy and completeness of the applications.

13. In response to the allegations in Paragraph 34 of the Complaint, Agriculture admits, on information and/or belief, that Jose and Beatriz Garces run nurseries and are not experienced in insurance law, but denies the remaining allegations in Paragraph 34 of the Complaint.

Agriculture further affirmatively alleges that the insurance applications in question set forth in plain language the information requested with respect to the substantial beneficial owners of First Foliage, that Jose and Beatriz Garces were able to and did understand the applications and the applications' requests for information, and that Jose and Beatriz reviewed the applications and signed them, thereby attesting that they agreed that the applications were complete and accurate.

14. In response to the allegations in paragraph 35 of the Complaint, Agriculture denies the allegations in the first sentence of Paragraph 35, and affirmatively alleges that First Foliage's Year 2000 application asks First Foliage to list all individuals or entities with a "substantial beneficial interest" in First Foliage, and that the Policy definitions, as set forth in Plaintiff's own Exhibits A and B to the Complaint, set forth definitions and explanations of "substantial beneficial interest." Agriculture further affirmatively alleges that it was unaware then and is unaware now that there was any inaccuracy in First Foliage's Year 2000 application, its initial crop insurance application which then, as Plaintiff alleges in Paragraph 20 of its Complaint, carried over year after year in continuous fashion. In response to the allegations in the second sentence of paragraph 35 of the Complaint, Agriculture responds that the Year 2000 application First Foliage signed, and attested to the accuracy of, did ask for the substantial beneficial owners of First Foliage, and that First Foliage provided the information set forth on the signed insurance application. In response to the allegations in the third sentence of Paragraph 35 of the Complaint, Agriculture states that it lacks information sufficient to admit or deny the allegations therein, but affirmatively states that the substantial beneficial owners of Plaintiff First Foliage, or their ownership percentages, could have changed during the time period 2000 to 2009, unbeknownst to Agriculture. In response to the allegations in the fourth, and last, sentence in Paragraph 35 of the Complaint, Agriculture states that it lacks information sufficient to admit or deny the allegations in this fourth sentence and leaves Plaintiff to its proof.

15. In response to the allegations in the first sentence of Paragraph 36 of the Complaint, Agriculture states that it was not involved in the dispute between Plaintiff and Defendant Rural over the substantial

beneficial ownership of First Foliage, and thus lacks information sufficient to admit or deny the allegations therein, except that Agriculture admits that it was unaware until the year 2009 at the earliest that there was any dispute between Plaintiff and Rural over who were the substantial beneficial owners of First Foliage.

Agriculture denies the allegations in the second sentence of Paragraph 36 of the Complaint and affirmatively alleges that Plaintiff First Foliage signed off on the accuracy and completeness of all insurance applications processed through Agriculture.

16. Agriculture admits the allegations in Paragraphs 37, 38, 39 and 40 of the Complaint, on information and/or belief.

17. In response to the allegation in Paragraph 41 of the Complaint, Agriculture states that the RMA Report speaks for itself, but admits that it appears from the RMA Report that Calixto Garcia and Sisto Campano are eligible for crop insurance coverage, and thus that the disclosure of their ownership interests-whenever such ownership interests, unbeknownst to Agriculture, came into existence- would not have prevented crop insurance from being provided to Plaintiff First Foliage. Otherwise, Agriculture states that Paragraph 41 contains allegations and/or conclusions of law to which no response is necessary, although Agriculture states that Plaintiff should be left to prove its contentions.

18. In response to the allegations in Paragraph 42 of the Complaint, Agriculture denies that it, or its employee Joseph Cummings, is in any way responsible for First Foliage's failure –if in fact there was such a failure-to list the substantial beneficial owners of First Foliage on First Foliage's signed insurance applications and otherwise states that it lacks information or belief sufficient to admit or deny the remaining allegations in Paragraph 42 of the Complaint.

19. In response to the allegations in Paragraph 43 of the Complaint, Agriculture responds that the report discussed in Paragraph 43 of the Complaint speaks for itself.

20. In response to the allegations in Paragraphs 44 and 45 of the Complaint, Agriculture responds that it believes Plaintiff's allegations therein are allegations of law to which no response is necessary.

21. In response to the allegations in Paragraphs 46 and 47 of the Complaint, Agriculture states that, as indicated above in numerous of Agriculture's responses to the Complaint, it was not involved in the underlying dispute between Rural and Plaintiff, and thus lacks information sufficient to admit or deny the allegations in Paragraphs 46 and 47 of the Complaint, other than stating that the letters Plaintiff has attached as Exhibits F and G speak for themselves.

22. Agriculture admits the allegations in Paragraphs 48 and 49 of the Complaint on information and/or belief.

23. In response to the allegations in Paragraphs 50, 51, 52, 53, 54, 55 and 56 of the Complaint, Agriculture states that, it was not involved in the underlying dispute between Rural and Plaintiff or any of the situations discussed in Paragraphs 50 through 56 of the Complaint, and thus lacks information sufficient to admit or deny the allegations in Paragraphs 50, 51, 52, 53, 54, 55 and 56 of the Complaint.

24. In response to the allegations in paragraphs 57 and 58 of the Complaint, Agriculture states its belief that the allegations contained therein are legal conclusions to which no response is necessary. However, Agriculture affirmatively states that it agrees with Plaintiff's position as set forth in Paragraphs 57 and 58 of the Complaint, and further alleges that Plaintiff's allegations against Agriculture are similarly untimely and thus should be dismissed as such.

25. In response to the allegations in Paragraph 59 of the Complaint, Agriculture denies that the omission of the SBI information as alleged was caused by any act or omission of Agriculture, and agrees with First Foliage that First Foliage itself is responsible for its own actions, to the extent it signed any incomplete or inaccurate insurance application, even though same may have been inadvertent and/or unintentional. Agriculture further agrees with Plaintiff's position that the omission of the SBI information appears to be of minimal consequence if any since the omitted owners appear to have been eligible for crop insurance anyways, they appear to be part of an inter-related family ownership group, and that Plaintiff should be allowed to cure the alleged defects.

26. In response to the allegations in Paragraphs 60, 61 and 62 of the Complaint, Agriculture states that, it was not involved in the underlying dispute between Rural and Plaintiff or any of the situations discussed in Paragraphs 60, 61 and 62 of the Complaint, and thus lacks information sufficient to admit or deny the allegations in Paragraphs 60, 61 and 62 of the Complaint.

27. In response to the allegations in Paragraphs 63, 64 and 65 of the Complaint, Agriculture states its position that the allegations therein are legal arguments to which no response is necessary. However, Agriculture affirmatively states its position that it agrees with Plaintiff's contention that Rural's claims against Plaintiff First Foliage appear to be untimely, and that Plaintiff's claims against Agriculture are also untimely for the same reasons as alleged by Plaintiff, and more.

28. In response to the allegations in Paragraphs 66, 67, 68 and 69 of the Complaint, Agriculture states that it was not involved in any of the situations alleged therein and thus lacks information or belief sufficient to admit or deny the allegations therein, and leaves Plaintiff to its proof.

## COUNT I

29. Agriculture incorporates by reference its responses above in Paragraphs 1 through 28 of its Answer, as if fully re-stated herein.

30. Agriculture admits the allegations in Paragraphs 71, 72 and 73 of the Complaint, on information and/or belief.

31. In response to the allegations in Paragraph 74 of the Complaint, Agriculture states that it is unaware of any omissions on First Foliage's crop insurance applications, is unaware of whether there have been ownership changes at First Foliage over the years since Agriculture helped First Foliage with its initial (Year 2000) crop insurance application, denies that it was responsible to any extent to which First Foliage signed off on inaccurate or incomplete applications, and admits that First Foliage is responsible for its actions and/or omissions, inadvertent, unintentional or not.

32. In response to the allegations in Paragraph 75 of the Complaint, Agriculture states its belief that the allegations therein are legal allegations to which no response is necessary but in any event states its position that it agrees with Plaintiff that, under the circumstances, Plaintiff First Foliage should be allowed to cure the alleged omissions in its crop insurance applications, with the only apparent omission being with respect to a 2005 updated insurance application or amendment, which appears to have failed to update First Foliage's application with what appear to have been ownership changes at First Foliage.

33. In response to the allegations in Paragraph 76 of the Complaint, Agriculture states its belief that the allegations therein are legal allegations to which no response is necessary but in any event states its position that it agrees with Plaintiff that, under the circumstances, Defendant Rural's claim for reimbursement is untimely. Agriculture further affirmatively alleges that, for the same reasons as alleged by Plaintiff, and more, Plaintiff's allegations against Agriculture are untimely.

34. In response to the allegations in Paragraphs 77 through 85 of the Complaint, Agriculture states that it was not involved in any of the actions alleged in these Paragraphs of the Complaint and thus lacks information or belief sufficient to admit or deny the allegations therein. Agriculture also states its position that many if not all of the allegations in Paragraphs 77 through 85 of the Complaint are legal allegations to which no response is necessary.

## Count II

36. Agriculture incorporates its responses 1-34 above as if fully re-stated herein.

37. Agriculture states that there are no numbered paragraphs 86 or 87 in the copy of the Complaint Plaintiff served on Agriculture.

38. Agriculture admits, on information and/or belief, the allegations in Paragraph 89 of the Complaint.

39. Agriculture denies the allegations in Paragraph 90 of the Complaint.

40. In response to the allegations in Paragraph 91 of the Complaint, Agriculture states that the allegations therein appear to be allegations of law as to which no response is necessary, but, in any event, states that it agrees with Plaintiff's argument that Rural's claims against First Foliage are untimely, and that, for the same reasons and more, Plaintiff First Foliage's claims against Agriculture are untimely.

41. In response to the allegations in Paragraph 92 of the Complaint, Agriculture states that the allegations therein appear to be allegations of law as to which no response is necessary.

## COUNT III

42. Agriculture incorporates its responses 1-41 above as if fully re-stated herein.

43. Agriculture admits the allegations in Paragraph 94 of the Complaint, but states that the issue of the extent of the duty of due care is a legal question for the Court to decide.

44. Agriculture denies the allegations in Paragraphs 95, 96 and 97 of the Complaint.

## COUNT IV

45. Agriculture incorporates its responses 1-44 above as if fully re-stated herein.

46. Agriculture denies the allegations in Paragraphs 99, 100, 101 and 102 of the Complaint.

## COUNT V

47. Agriculture incorporates its responses 1-46 above as if fully re-stated herein.

48. In response to the allegations in Paragraphs 103 through 109 of the Complaint, Agriculture states that the allegations are directed solely against Rural and thus no response from Agriculture is necessary.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims against Agriculture are barred by applicable statutes of limitations, administrative time filing rules, and by statutory and common law laches.

2. Plaintiff's claims against Agriculture are barred because Plaintiff's Comparative Negligence exceeds any negligence on the part of Agriculture.

3. Plaintiff's claim for breach of fiduciary duty is barred as a matter of law because Agriculture did not owe a fiduciary duty to Plaintiff, or, in the alternative, if it did, such duty extended no further than the requirement that Agriculture timely submit to the applicable carrier(s), the insurance applications Plaintiff completed and signed, and that Agriculture promptly forward to such carriers any funds which Plaintiff provided to Agriculture for transmission to the applicable carrier.

4. Plaintiff's claims against Agriculture are barred by the doctrines of Unclean Hands and estoppel because , to the extent there were any inaccuracies or material omissions in the applicable insurance applications, First Foliage was required to not sign any such applications. Agriculture justifiably relied on First Foliage in reading and approving any applications for accuracy and completeness before signing the

applications.

5. Plaintiff has failed to state a claim against Agriculture as a matter of law.

6. Plaintiff's claims against Agriculture are barred by the economic loss doctrine.

7. Plaintiff's claims against Agriculture are barred by Plaintiff's ratification of the applicable insurance applications and the information contained therein as signed.

8. Plaintiff's claims against Agriculture are barred by Plaintiff's failure to mitigate its damages.

9. Plaintiff has failed to add indispensible parties to its Complaint.

**Wherefore** Agriculture moves that Plaintiff's claims against it be dismissed, and that Agriculture be awarded its attorneys' fees and costs.

Dated: October 20, 2010

*Gary Irwin*
GARY IRWIN
**Winget, Spadafora & Schwartzberg, LLP**
Florida Bar Number 18826
20801 BISCAYNE BLVD. Suite 403
MIAMI (Aventura), FLORIDA 33180
TELEPHONE (786) 923-5911
FACSIMILE (786) 923-5912
Cellphone (305) 490-2360
irwin.g@wssllp.com

# CERTIFICATE OF SERVICE

I, Gary Irwin, hereby certify that on October 20 and 21, I served the Answer of Defendant Insurance for Agriculture on all parties listed on the Master Service list, dated August 17, 2010, on file with the Court.

Dated: October 21, 2010

_/s/ Gary Irwin_

Gary Irwin

## MASTER SERVICE LIST AS OF AUGUST 17, 2010
### First Foliage, L.C., Chapter 11 Debtor
### Case No. 10-27532-BKC-LMI

First Foliage, L.C.
Attn: Jose Garces
17800 Southwest 268th Street
Homestead, FL 33031

**VIA EMAIL ONLY:**
luis.salazar@izhmlaw.com
Luis Salazar, Esq.
Infante, Zumpano, Hudson & Miloch, LLC
500 South Dixie Highway, Suite 302
Coral Gables, FL 33146
*Counsel for First Foliage, L.C.*

**VIA EMAIL ONLY:**
jguso@bergersingerman.com
Jordi Guso, Esq.
BergerSingerman, P.A.
200 South Biscayne Boulevard, 10th Floor
Miami, FL 33131
*Proposed Counsel for the Official Committee of Unsecured Creditors*

**VIA EMAIL ONLY:** hberlin@bergersingerman.com
Howard J. Berlin, Esq.
BergerSingerman, P.A.
200 South Biscayne Boulevard, 10th Floor
Miami, FL 33131
*Proposed Counsel for the Official Committee of Unsecured Creditors*

**VIA EMAIL ONLY:** dgaller@bergersingerman.com
Debi Evans Galler, Esq.
BergerSingerman, P.A.
200 South Biscayne Boulevard, 10th Floor
Miami, FL 33131
*Proposed Counsel for the Official Committee of Unsecured Creditors*

**VIA EMAIL ONLY:** jbast@bastamron.com
Jeffrey P. Bast, Esq.
Bast Amron LLP
SunTrust International Center
One Southeast Third Avenue, Suite 1440
Miami, FL 33131
*Counsel for Helena Chemical Company*

**VIA EMAIL ONLY:** azaron@hunton.com
Andrew D. Zaron, Esq.
Hunton & Williams LLP
1111 Brickell Avenue, Suite 2500
Miami, FL 33131
*Local Counsel for Bank of America, N.A.*

**VIA EMAIL ONLY:** andrew.wool@kattenlaw.com
Andrew L. Wool, Esq.
Katten Muchin Rosenman LLP
525 W. Monroe Street
Chicago, IL 60661
*Counsel for Bank of America, N.A.*

**VIA EMAIL ONLY:** john.sieger@kattenlaw.com
John P. Sieger, Esq.
Katten Muchin Rosenman LLP
525 W. Monroe Street
Chicago, IL 60661
*Counsel for Bank of America, N.A.*

**VIA EMAIL ONLY:** daniel.polatsek@kattenlaw.com
Daniel J. Polatsek, Esq.
Katten Muchin Rosenman LLP
525 W. Monroe Street
Chicago, IL 60661
*Counsel for Bank of America, N.A.*

**VIA EMAIL ONLY:**
jalper@adorno.com
Joshua B. Alper, Esq.
Adorno & Yoss, LLP
350 East Las Olas Boulevard, Suite 1700
Ft. Lauderdale, FL 33301
*Counsel for GMAC Commercial Finance LLC*

**VIA EMAIL ONLY:** ctatelbaum@adorno.com
Charles M. Tatelbaum, Esq.
Adorno & Yoss, LLP
350 East Las Olas Boulevard, Suite 1700
Ft. Lauderdale, FL 33301
*Counsel for GMAC Commercial Finance LLC*

## Certification of Attorney

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I believe I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A) because I am within a three year CLE reporting period pursuant to which I have not yet submitted CLE requirements of 12 credits of Bankruptcy courses.

Dated: October 20, 2010

*Gary Irwin*
Gary Irwin
**Winget, Spadafora & Schwartzberg, LLP**
Florida Bar Number 18826
20801 BISCAYNE BLVD. Suite 403
MIAMI (Aventura), FLORIDA 33180
TELEPHONE (786) 923-5911
FACSIMILE (786) 923-5912
Cellphone (305) 490-2360
irwin.g@wssllp.com