UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WWW.FLSB.USCOURTS.GOV

| | |
|---|---|
| **In re:** | Case No. 10-27532-BKC-LMI |
| **First Foliage, L.C.,** | Chapter 11 |
|       **Debtor,** | |
| **FIRST FOLIAGE, L.C.** ) | |
|       **Plaintiff,** ) | |
| **v.** ) | Adv. Pro. No. 10-03591-BKC-LMI |
| **RURAL COMMUNITY INSURANCE SERVICES, a foreign corporation, INSURANCE FOR AGRICULTURE, LLC, a Florida company, FIREMAN'S FUND INSURANCE COMPANY,** ) ) ) ) ) ) | |
|       **Defendants.** ) | |

**DEFENDANT RURAL COMMUNITY INSURANCE SERVICES'**
**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, Rural Community Insurance Services ("RCIS"), by and through its undersigned counsel, hereby submits its answer and affirmative defenses to Plaintiff First Foliage L.C.'s: (A) Verified Complaint for Declaratory Relief, Damages and Other Relief; and (B) Objection to Claim (the "Complaint"), and states as follows:

1. Paragraph 1 does not contain factual allegations, and therefore cannot be admitted or denied. To the extent it requires a response, the allegations in paragraph 1 are denied.

2. RCIS admits it demanded repayment of approximately $2.8 million of an overpaid indemnity; admits that First Foliage, L.C. ("First Foliage") failed to disclose all of its equity holders on its application for insurance; admits that First Foliage's failure to disclose all

MI-355655 v3

equity holders on the application precludes coverage for a percentage equal to the undisclosed equity holders' ownership interest; and admits that the undisclosed equity holders held approximately 34% of the equity interests in First Foliage; but denies the remaining allegations in paragraph 2.

3. RCIS admits that First Foliage attempted to amend its insurance application in January 2010; and admits that First Foliage was placed on the Ineligible Tracking Service ("ITS") as a result of its failure to repay the overpaid indemnity, as required by federal nonbankruptcy law and regulations; but RCIS denies the remaining allegations in paragraph 3.

4. RCIS admits that the automatic stay created under 11 U.S.C. §362 will cause an entity to be removed from ITS for pre-petition amounts unpaid, but denies the remaining allegations in paragraph 4.

5. Denied.

6. Denied.

7. Denied.

8. Admitted.

9. Admitted.

10. RCIS denies that it has offices in North Dakota, but admits the remaining allegations in paragraph 10.

11. Admitted.

12. RCIS admits that it is the Managing General Agent (MGA) that owns Rural Community Insurance Company, which is an Approved Insurance Provider (AIP) under the Federal Crop Insurance Corporation (FCIC). At all times relevant, RCIS, as the managing

general agent for Fireman's Fund, sold and serviced multi-peril crop insurance policies written by Fireman's Fund, in accordance with the terms of RCIS's SRA that named Fireman's Fund as a policy issuing company.  RCIS denies the remaining allegations in paragraph 12.

13.     Admitted.

14.     Admitted.

15.     RCS admits that First Foliage is in the business of growing ornamental foliage, and denies the remaining allegations in paragraph 15.

16.     RCIS admits that Jose Garces and Beatriz Garces own 60% of the equity interests in First Foliage; admits that Calixto Garcia-Velez owns 16% of the equity interests in First Foliage; admits that Sixto Campano owns 18% of the equity interests in First Foliage; and that Alberto Estrada owns 6% of the equity interests in First Foliage.  RCIS denies the remaining allegations in paragraph 16.

17.     Admitted.

18.     Admitted.

19.     Admitted.

20.     RCIS admits that the policy is continuous until cancelled, but coverage must be established from year to year; RCIS denies the remaining allegations in paragraph 20..

21.     Admitted.

22.     Admitted.

23.     RCIS admits that Form 04-BR is attached as Exhibit A, and that Form 05-BR is attached as Exhibit B, but denies the remaining allegations in paragraph 23.

Case No. 10-27532-BKC-LMI
Adv. Pro. No. 10-03591-BKC-LMI

24. RCIS admits that it issued policies to First Foliage through Corp Year 2008, and denies the remaining allegations in paragraph 24.

25. Denied.

26. RCIS admits that crop insurance policies for First Foliage were renewed for Crop Years 2001 through 2005, but denies the remaining allegations in paragraph 26.

27. RCIS admits that indemnities were paid prior to the discovery that First Foliage had failed to accurately list all persons with a Substantial Beneficial Interest in the company, and admits that the alleged definition of the term "Substantial Beneficial Interest," but denies all remaining allegations in paragraph 27.

28. RCIS admits that First Foliage made claims for damages suffered as a result of Hurricane Katrina and received an indemnity for those claims in the amount of $7,617,591.00; admits that First Foliage made claims for damages suffered as a result of Hurricane Wilma and received an indemnity for those claims in the amount of $2,381,171.00; RCIS lacks sufficient knowledge to admit or deny how First Foliage utilized the proceeds of those claims; and RCIS denies the remaining allegations in paragraph 28.

29. RCIS admits that, as a result of findings by the Risk Management Agency, the claims asserted by First Foliage were deemed improper and the indemnities were found to be overpaid; RCIS admits that it sent correspondence dated December 3, 2009 to First Foliage regarding the overpaid indemnities; RCIS submits that the contents of that letter are self-evident; and RCIS denies the remaining allegations in paragraph 29.

30. RCIS admits that the equity interests owned by Sixto Campano (who owned 18% of the equity interests in First Foliage) and Calixto Garcia-Velez (who owned 16% of First

Foliage) were not set forth on First Foliage's application for crop insurance; RCIS admits that, pursuant to federal nonbankruptcy law and the provisions of the Common Crop Insurance policy, provide that the coverage to First Foliage must be reduced by the percentage ownership held by the individuals not listed in the application.

31. RCIS admits that it recalculated the premium and indemnities to account for the undisclosed Substantial Beneficial Interests; admits that the revised indemnities resulted in an overpayment of $2,849,973.00; states that the contents of correspondence from RCIS are self evident; and denies the remaining allegations in paragraph 31.

32. RCIS admits that the application completed by First Foliage in 2000 disclosed only Jose and Beatriz Garces as holders of substantial beneficial interests, but denies the remaining allegations in paragraph 32.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. RCIS admits that First Foliage attempted to correct its failure to disclose all Substantial Beneficial Interests, but notes that such corrections are impermissible under the policy at issue and federal nonbankruptcy law. RCIS denies the remaining allegations in paragraph 37.

38. RCIS admits that a letter from the RMA is attached to the Complaint as Exhibit E, and that several findings relate to First Foliage's failure to disclose all Substantial Beneficial Interests, but denies the remaining allegations in paragraph 38.

Case No. 10-27532-BKC-LMI<br>Adv. Pro. No. 10-03591-BKC-LMI

39. RCIS states that the report speaks for itself, but notes that nothing therein indicates that RCIS should bear the cost of First Foliage's failure to disclose all Substantial Beneficial Interests; RCIS denies the remaining allegations in paragraph 39.

40. Denied.

41. Denied.

42. Denied.

43. RCIS states that the Claims Review Report speaks for itself, but notes that nothing therein indicates that RCIS should bear the cost of First Foliage's failure to disclose all Substantial Beneficial Interests; RCIS denies the remaining allegations in paragraph 43.

44. Denied.

45. Denied.

46. RCIS admits that it received the correspondence from First Foliage's counsel attached as Exhibit F, but denies the remaining allegations in paragraph 46.

47. RCIS states that the electronic mail speaks for itself; RCIS denies the remaining allegations in paragraph 47.

48. Denied.

49. Admitted.

50. RCIS states that the February 8 correspondence speaks for itself; RCIS denies the remaining allegations in paragraph 50.

51. Denied.

52. Admitted.

53. RCIS states that the FADs speaks for themselves; RCIS denies the remaining allegations in paragraph 53 and its subparagraphs.

54. RCIS states that the correspondence from RMA speaks for itself; RCIS denies the remaining allegations in paragraph 54.

55. Denied. As established by the correspondence attached to the Complaint as Exhibit C, RCIS notified First Foliage that it had been submitted to ITS on or about June 1, 2010 in response to FAD-116, which was published by the RMA on May 12, 2010. Although First Foliage was submitted to ITS on or about June 1, 2010, the effective date of the posting to ITS was February 25, 2010, in accordance with FAD-116.

56. Denied. As established by the correspondence attached to the Complaint as Exhibit C, RCIS notified First Foliage that it had been submitted to ITS on or about June 1, 2010 in response to FAD-116, which was published by the RMA on May 12, 2010. Although First Foliage was submitted to ITS on or about June 1, 2010, the effective date of the posting to ITS was February 25, 2010, in accordance with FAD-116.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. RCIS states that the MPCI Policy speaks for itself; RCIS denies the remaining allegations in paragraph 63.

64.     Paragraph 64 asserts an argument of law rather than a statement of fact, and therefore RCIS is not required to admit or deny that paragraph. To the extent a response is required, RCIS denies the allegations in paragraph 64.

65.     Paragraph 65 asserts an argument of law rather than a statement of fact, and therefore RCIS is not required to admit or deny that paragraph. To the extent a response is required, RCIS denies the allegations in paragraph 65.

66.     RCIS lacks sufficient knowledge to admit or deny the allegations in paragraph 66 and therefore denies the same.

67.     RCIS lacks sufficient knowledge to admit or deny the allegations in paragraph 67 and therefore denies the same.

68.     RCIS admits that First Foliage was removed from ITS as a result of the filing of the instant bankruptcy case, but denies the remaining allegations in paragraph 68.

69.     RCIS lacks sufficient knowledge to admit or deny the allegations in paragraph 69 and therefore denies the same.

70.     RCIS restates and realleges its responses to the allegations in paragraphs 1 through 69 as if fully set forth herein.

71.     RCIS admits that the action purports to be a claim for declaratory relief but denies that First Foliage is entitled to the relief requested, and denies all remaining allegations in paragraph 71.

72.     Denied.

73.     Denied.

74.     Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. RCIS states that the RMA's determinations speak for themselves; RCIS denies the remaining allegations in paragraph 79.

80. Denied.

81. Denied.

82. Admitted.

83. Denied.

84. RCIS denies all allegations of fact in paragraph 84 including all subparagraphs thereof, and denies that First Foliage is entitled to the requested relief.

85. Denied.

86. RCIS notes that the Complaint does not contain a paragraph 86.

87. RCIS notes that the Complaint does not contain a paragraph 87.

88. RCIS restates and realleges its responses to the allegations in paragraphs 1 through 87 as if fully set forth herein.

89. RCIS admits that it asserts a claim against First Foliage for its failure to disclose all Substantial Beneficial Interests.

90. Denied.

91. Denied.

92. Denied.

93. RCIS restates and realleges its responses to the allegations in paragraphs 1 through 92 as if fully set forth herein.

94. Denied.

95. RCIS denies all allegations in paragraph 95, including all subparts thereof.

96. Denied.

97. Denied.

98. RCIS restates and realleges its responses to the allegations in paragraphs 1 through 97 as if fully set forth herein.

99. Denied.

100. RCIS denies all allegations in paragraph 100, including all subparts thereof.

101. Denied.

102. Denied.

103. RCIS restates and realleges its responses to the allegations in paragraphs 1 through 102 as if fully set forth herein.

104. Denied.

105. Denied.

106. RCIS admits that First Foliage attempted to correct its initial misrepresentations regarding all Substantial Beneficial Interests, but denies all remaining allegations in paragraph 106.

107. Denied.

Case No. 10-27532-BKC-LMI
Adv. Pro. No. 10-03591-BKC-LMI

108. RCIS states that the Claims Review Report speaks for itself, but notes that nothing therein indicates that RCIS should bear the cost of First Foliage's failure to disclose all Substantial Beneficial Interests; RCIS denies the remaining allegations in paragraph 108.

109. Denied.

### FIRST AFFIRMATIVE DEFENSE

RCIS alleges that the claims of First Foliage are barred by waiver. First Foliage had the opportunity to disclose all Substantial Beneficial Interests at the time it applied for crop insurance coverage, and failed to do so. As a result of its actions, reinsurance of the indemnities has been reduced and RCIS has been damaged. First Foliage cannot now seek to correct its mistakes by shifting the burden of its error to RCIS.

### SECOND AFFIRMATIVE DEFENSE

RCIS alleges that, to the extent First Foliage has suffered any damage as a result of negligence, First Foliage itself caused its own damages as a result of failing to identify all Substantial Beneficial Interests on its application for insurance.

### THIRD AFFIRMATIVE DEFENSE

RCIS alleges that First Foliage has come to this Court with unclean hands. First Foliage, by and through its officers, certified on two separate occasions that it had identified all Substantial Beneficial Interests in the company. In fact, the certifications were incorrect on both occasions. As a result of First Foliage's failures, reinsurance through the Federal Crop Insurance Program has been denied, and RCIS will suffer a loss. First Foliage should not be permitted to shift the burden of its errors and omissions onto RCIS.

Case No. 10-27532-BKC-LMI
Adv. Pro. No. 10-03591-BKC-LMI

#### FOURTH AFFIRMATIVE DEFENSE

RCIS alleges that First Foliage's claims are barred by estoppel. First Foliage, by and through its officers, certified on two separate occasions that it had identified all Substantial Beneficial Interests in the company. In fact, the certifications were incorrect on both occasions. As a result of First Foliage's failures, reinsurance through the Federal Crop Insurance Program has been denied, and RCIS will suffer a loss. First Foliage should not be permitted to shift the burden of its errors and omissions onto RCIS.

#### FIFTH AFFIRMATIVE DEFENSE

RCIS alleges that First Foliage has no basis nor claim to recover any attorney's fees under statute or by contract.

#### SIXTH AFFIRMATIVE DEFENSE

RCIS alleges that the remedy sought by First Foliage is barred by the contract between the parties and by federal nonbankruptcy law. For example, Form 04-BR (attached to the Complaint as Exhibit A) specifically provides that liability cannot exceed any amount permissible under the policy; therefore, First Foliage cannot seek any additional damages from RCIS.

#### SEVENTH AFFIRMATIVE DEFENSE

RCIS reserves the right to amend its Answer and assert any and all other Affirmative Defenses which may come to light during the discovery process.

Case No. 10-27532-BKC-LMI
Adv. Pro. No. 10-03591-BKC-LMI

WHEREFORE, Defendant Rural Community Insurance Services respectfully requests that the Court dismiss this case, and enter judgment for the Defendants.

Dated this 5th day of November, 2010.

**K&L GATES LLP**
Counsel for Defendant Rural Community
 Insurance Services
200 South Biscayne Boulevard
Wachovia Financial Center, 39th Floor
Miami, Florida 33131
Telephone: (305) 539-3300
Facsimile: (305) 358-7095

By:___*/s/ Jeffrey T. Kucera*_____
Jeffrey T. Kucera
Florida Bar No. 0068233

Case No. 10-27532-BKC-LMI<br>
Adv. Pro. No. 10-03591-BKC-LMI

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by the Court's CM/ECF system to the parties who receive notice by this method and via regular U.S. Mail to all parties on the appended Service List, this 5th day of November, 2010.

/s/ Jeffrey T. Kucera<br>
Jeffrey T. Kucera

**SERVICE LIST**
CASE NO. 10-27532-BKC-LMI
ADV. PRO. NO. 10-03591-BKC-LMI

Gary Irwin, Esquire
20801 Biscayne Boulevard, Suite 403
Miami, Florida 33180
Telephone: (786) 923-5911

*Attorney for Insurance for Agriculture, LLC*

Robin Symons, Esquire
Epstein Becker & Green PC
200 South Biscayne Boulevard, Suite 4300
Miami, Florida 33131
Telephone: (305) 579-3200
Facsimile: (305) 579-3201

*Attorneys for Fireman's Fund Insurance Company*